UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTINA I. SANTOS AND JOHN M. SANTOS; :
JUDITH ANN KRAUS; & DENISE L. BELANGER :
ON BEHALF OF THEMSELVES AND ALL :
OTHERS SO SIMILARLY SITUATED :
:
*Plaintiffs*, :
:
vs. : C.A. No.:
:
NATIONSTAR MORTGAGE, LLC :
(NKA MR. COOPER) :
:
*Defendant*.

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d) and 1441(b), the Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper[1] ("Defendant"), by and through its attorneys, Locke Lord LLP, for the purpose of removing this case to the United States District Court for the District of Rhode Island, respectfully states:

**1. State Court Action.** On February 2, 2022, Plaintiffs, Christina I. Santos, John M. Santos, Judith Ann Krause, and Denise L. Belanger (collectively, "Plaintiffs"), filed a complaint in the Superior Court of Rhode Island, Providence County, numbered Case No. PC-2022-00652, on behalf of themselves and a purported class of similarly situated plaintiffs. The Complaint is attached hereto as **Exhibit A**.

**2. Federal Jurisdiction.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000, as set forth in the following subparts. This Court also has subject matter jurisdiction under the Class Action Fairness Act of 2005 pursuant to 28 U.S.C. §§ 1332(d), 1453 ("CAFA") because (1) Plaintiffs allege that the putative class contains "hundreds of individuals"

---

[1] Improperly pleaded as Nationstar Mortgage, LLC (NKA Mr. Cooper).

(Compl. ¶ 118); (2) the citizenship of at least one class member is different than that of any defendant; and (3) the aggregate amount placed in controversy by the claims of Plaintiffs and the proposed putative class members is likely to exceed the sum or value of $5,000,000.00, exclusive of interests and costs.

## DIVERSITY

a. As a basis for removal, this Action is within the original jurisdiction of the District Court under 28 U.S.C. § 1332, which provides in part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a)(1).

b. Plaintiffs allege to be citizens of the State of Rhode Island. *See* Compl. ¶¶ 14, 15, 16.

c. Nationstar Mortgage LLC is a Delaware limited liability company, with its principal place of business in the state of Texas. The citizenship of a limited liability company is determined by the citizenship of the members of the entity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Nationstar's members are Nationstar Sub1 LLC ("Sub1") and Nationstar Sub2 LLC ("Sub2"). Both Sub1 and Sub2 are Delaware LLC's, and the sole member of each is Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is a corporation incorporated under the laws of the state of Delaware with its principal place of business in the state of Texas. A corporation is deemed "to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89

(2005). Thus, for diversity purposes, Nationstar is a citizen of the states of Delaware and Texas.

d. Accordingly, Plaintiffs and Defendants are completely diverse. 28 U.S.C. §§ 1332(a)(1); 1441(b).

## Amount In Controversy

e. Plaintiffs seek to void the foreclosure and foreclosure sale of three subject real properties located at the following addresses:

    (1) 64 Forest Avenue, Cumberland, RI 08264 (Compl. ¶¶ 14, 19, 34 (describing foreclosure sale as "void, invalid, and without force or effect"));

    (2) 522 West Shore Road, Warwick, RI 02889 (Compl. ¶¶ 15, 48, 63); and

    (3) 78 Wood Street, Warwick, Rhode Island 02889 (Compl. ¶¶ 16, 77, 92).

f. The most recent property record available from the tax assessors for the cities and towns in which each of the three aforementioned properties are attached hereto as **Exhibit B**. Each of the three properties are valued in excess of $75,000.00.

g. Accordingly, the amount in controversy exceeds $75,000.00 in that the Plaintiffs, as owners of the three aforementioned properties, seek to declare the foreclosures of those properties void and seek damages for each of the allegedly invalid foreclosures.

## CLASS ACTION FAIRNESS ACT

h. This Court also has subject matter jurisdiction under CAFA where matter is a putative class action where "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332 (d)(2).

i. As set forth in paragraphs b through d above, the parties are completely diverse, which also satisfies CAFA's requirement that at least one member of the

potential class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(2)(A).

### Number of Class Members

j. The Complaint alleges that "the class encompasses hundreds of individuals." Compl. ¶ 118. Accordingly, on the face of the Complaint, the aggregate number of the individuals in the putative class is well in excess of 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### $5,000,000 Aggregate Amount in Controversy

k. Under CAFA, the claims of all putative class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. See 28 U.S.C. § 1332(d)(6).

l. The Amended Complaint defines a proposed class of plaintiffs whose properties were foreclosed by Nationstar "between July 1, 2015 through September 29, 2017, in violation of R.I.G.L. § 19-14.11-1." Compl. ¶ 107.

m. The Amended Complaint also defines a proposed class of plaintiffs who received a notice of default from Nationstar "since February 2010 wherein Defendant failed to have a face-to-face interview with the mortgagor" allegedly in violation of paragraph 9(d) of the mortgage contracts and 24 C.F.R. § 203.604(b). Compl. ¶ 108.

n. These class members seek "quantifiable damages such as loss of equity in their homes, use and occupancy of their properties, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses." Compl. ¶ 111.

o. The class members also seek "general damages such as loss of property interest[sic], negative impact to credit ratings, loss of their homes, lost opportunities to

rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress." Compl. ¶ 112.

        p.       Here, assuming the truth of Plaintiff's allegations and aggregating the alleged damages for all putative class members, as the Court must, the potential class likely includes the properties that are included in the attached **Exhibit B**, each of which exceeds $75,000, in addition to the properties of hundreds of other potential class plaintiffs.

        q.       Based on the above, and assuming the truth of Plaintiff's allegations, the relief sought by the Amended Complaint exceeds $5,000,000.00, exclusive of interest and costs, based upon the list attached as **Exhibit B**, which does not include all foreclosures in the relevant time period, nor does it include the Plaintiff's and the class members' "general damages." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that for purposes of determining jurisdiction under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). For these reasons, the aggregate damages sought by Plaintiff on behalf of the putative class exceed $5,000,000 for purposes of 28 U.S.C. § 1332(d)(2).

        r.       In sum, the Court has jurisdiction pursuant to CAFA because (1) there are more than 100 putative class members; (b) there is minimal diversity between the parties; and (c) the amount in controversy exceeds $5,000,000. See 28 U.S.C. § 1332(d)(2).

        **3.**       **Proper Venue**. This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have original jurisdiction over Plaintiffs' claims if Plaintiffs elected to initially file the action in federal court. This Court is the United States District Court for the

district and division embracing the place where the state court action is pending and is, therefore, the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

4. **Timeliness of Removal Petition.** Plaintiffs filed the Complaint on or about February 2, 2022 and served Nationstar on or about February 14, 2022. Removal of this action is therefore timely under 28 U.S.C. § 1446(b) as the Notice of Removal has been filed within thirty (30) days of Defendants' receipt of the Complaint.

5. **Compliance.** Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of Rhode Island for Providence County, where this action is pending and will serve such notice on Plaintiffs in compliance with 28 U.S.C. §1446(d). Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' *Local Rule* 81.1(a) submission.

6. **Relief Requested.** Defendants respectfully request that the United States District Court for the District of Rhode Island accept this Notice of Removal, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

106316137v.2

DEFENDANT,
NATIONSTAR MORTGAGE, LLC
By its Attorneys,


*/s/ Krystle G. Tadesse, Esq.*
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
Jeffrey C. Ankrom (#7663)
LOCKE LORD LLP
2800 Financial Plaza
Providence, RI  02903
(401)-274-9200
(401) 276-6611 (Fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com
jeffrey.ankrom@lockelord.com

Date: March 11, 2022

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 11th day of March, 2022, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Todd S. Dion, Esq.
681 Park Avenue, Suite 21
Cranston, RI  02910
toddsdion@msn.com

                                                */s/ Krystle G. Tadesse, Esq.*