# **<u>EXHIBIT A</u>**



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-00652 |
| **Plaintiff**<br>Christina Santos et al.<br>v.<br>Nationstar Mortgage LLC d/b/a Mr. Cooper<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>8950 Cypress Waters Blvd<br>Coppell TX  02893 |

**TO THE DEFENDANT, Nationstar Mortgage LLC d/b/a Mr. Cooper:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 2/2/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Christina Santos et al.<br>v.<br>Nationstar Mortgage LLC d/b/a Mr. Cooper<br>**Defendant** | **Civil Action File Number**<br>PC-2022-00652 |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: ___/___/___ | SERVICE FEE $_____ |
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____

County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

**STATE OF RHODE ISLAND**                                  **SUPERIOR COURT**
**PROVIDENCE, SC**

---

|  |  |
|---|---|
| ) | |
| CHRISTINA I. SANTOS AND JOHN M. SANTOS;) | |
| JUDITH ANN KRAUS; & DENISE L. BELANGER) | |
| ON BEHALF OF THEMSELVES AND ALL        ) | |
| OTHERS SO SIMILARLY SITUATED           ) | |
| ) | |
| *Plaintiffs,*              ) | **C.A. NO.** |
| ) | |
| vs.                        ) | **CLASS ACTION COMPLAINT** |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| NATIONSTAR MORTGAGE, LLC   ) | |
| (NKA MR. COOPER)           ) | |
| ) | |
| *Defendant.*              ) | |

---

## INTRODUCTION

1.      The Representative Plaintiffs, Christina I. Santos and John M. Santos, Judith Ann Kraus

and Denise L. Belanger, on behalf of themselves and all others so similarly situated, bring this

action as described in the paragraphs set forth herein. The Representative Plaintiffs seek damages

and a declaratory judgment that the foreclosure and mortgagee's foreclosure sale of the

Representative Plaintiffs' properties by the Defendant are void due to the Defendant's breach of

contracts and breach of condition precedents to the Statutory Power of Sale for failing to foreclose

in a manner prescribed by "applicable law" by foreclosing and conducting mortgagee's sale in

violation of R.I.G.L. § 19-14.11-1. Said statute and mortgage contracts required that the Defendant

first obtain a third-party servicing license with the State of Rhode Island Department of Business

Regulation prior to foreclosing on the Representative Plaintiffs' properties.   Representative

Plaintiffs further seek damages for the untimely loss of their property that was caused by the

Defendant's failure to comply with applicable law. See Andrade v. Ocwen Loan Servicing, LLC,

C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

2.     The Representative Plaintiffs also seek damages and a declaratory judgment that the foreclosures and mortgagee's foreclosure sales of the Plaintiffs' properties by the Defendant are void due to the Defendant's breach of contracts and breach of condition precedents to the Statutory Power of Sale because the Defendant accelerated all sums due under the subject mortgages and foreclosed said properties when the Defendant was not authorized to take such actions pursuant to Paragraph 9(d) of the subject mortgages and regulations of the Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604(b).

3.     The Representative Plaintiffs herein pray this Honorable Court find that the Defendant is in Breach of Contract and declare that the Defendant is in breach of necessary condition precedents to the foreclosures as set forth in the Mortgages, declare that the foreclosures and mortgagee sales of the Plaintiffs' properties be declared void, enjoin the Defendant from further wrongful conveyance of Plaintiffs' properties, that the Defendant be Ordered to return the Plaintiffs to their status prior to the wrongful foreclosures and sales, including but not limited to, the rescission of the wrongful foreclosures and sales, and award the Plaintiffs damages for the untimely loss of property due to Defendant's misconduct. See <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

## JURISDICTION AND VENUE

4.     Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

5.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of the claims of the class.  Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

6.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

11.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

12.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

13.     Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

## PARTIES

14.     Representative Plaintiffs, Christina I. Santos and John M. Santos, claim to be the rightful owners of 64 Forest Avenue, Cumberland, RI 02864 which is the "subject property" referenced herein.  They are located at 14W Barrows Street, Cumberland, RI 02864.

15.     Representative Plaintiff, Judith Ann Kraus, claims to be the rightful owner of 522 West Shore Road, Warwick, RI 02889 which is the "subject property" referenced herein.  She is located at is 407R Pequot Avenue, Warwick, RI 02889.

16.     Representative Plaintiff, Denise L. Belanger, claims to be the rightful owner of 78 Wood Street, Warwick, RI 02889 which is the "subject property" referenced herein.  She is located at is located at 297 Washington Street #2, West Warwick, RI 02893.

17.     Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper, is a mortgage servicer located at 8950 Cypress Waters Blvd., Coppell, TX 75261.

## ALLEGATIONS OF THE SANTOS REPRESENTATIVE PLAINTIFFS

18.     The Santos Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

19.     Representative Plaintiffs, Christina I. Santos and John M. Santos, claim to be the rightful owners of 64 Forest Avenue, Cumberland, RI 02864 which is the "subject property" referenced herein.

ibmitted: 2/2/2022 8:18 AM
ivelope: 3470454
iviewer: Victoria H

20.    On August 6, 2004, the Santos Plaintiffs were conveyed the subject property. The Deed granting the property to the Santos Plaintiffs was recorded in the Town of Cumberland Land Evidence Records in Book 1220, at page 320 on August 11, 2004.

21.    On September 21, 2010, the Santos Plaintiffs executed a promissory note and mortgage deed in favor of Freedom Mortgage Corporation as lender and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee. ("Santos Mortgage/Note"). The Santos Mortgage was recorded in the Town of Cumberland Clerk's Office Land Evidence Records in Book 1510, at page 28 on October 4, 2010.

22.    The Santos Mortgage was designated as an "FHA" mortgage and was noted as such on the mortgage itself on page one (1) with the "FHA case number" 451-1149608-703.

23.    Mortgages insured by the Federal Housing Authority (FHA) and their corresponding underlying obligations (notes) are originated and or serviced by entities, such as Defendant, Nationstar, and are pooled and transferred into mortgage-backed trusts. Trusts backed by FHA insured mortgage loans are administrated by Government National Mortgage Association (Ginnie Mae) or other government entities and unidentified assigns which are the actual holders and owners of the loans. Therefore, Nationstar was acting as a third-party loan servicer for the Santos loan at all times during the allegations set forth in this Complaint

24.    The Santos' FHA standard mortgage contract at Paragraph 9(d) states that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary

25.    At issue in this action is a Regulation codified in 24 CFR 203.604(b) which states that a

mortgagee must have a face-to-face interview with the mortgagor or make a reasonable effort to

arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. 24

CFR 203.604(c) further states that a face-to-face meeting is not required if: **(1)** the mortgagor does

not reside in the mortgaged property, **(2)** the mortgaged property is not within 200 miles of the

mortgagee, its servicer, or a branch office of either, **(3)** the mortgagor has clearly indicated that he

will not cooperate in the interview, **(4)** a repayment plan consistent with the mortgagor's

circumstances is entered into to bring the mortgagor's account current thus making a meeting

unnecessary, and payments thereunder are current, or **(5)** a reasonable effort to arrange a meeting

is unsuccessful.

26.    24 CFR 203.604(d) additionally states that a reasonable effort to arrange a face-to-face

meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified

by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face

meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless

the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office

of either, or it is known that the mortgagor is not residing in the mortgaged property

27.    The Santos Mortgage also states at Paragraph 18 as follows;

> "18. Foreclosure Procedure. If Lender requires immediate payment in full under
> paragraph 9, Lender may invoke the STATUTORY POWER OF SALE and any
> other remedies **permitted by applicable law.** Lender shall be entitled to collect all
> expenses incurred in pursuing the remedies provided in this paragraph 18,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in paragraph 13. Lender shall publish a
> notice of sale, and **the Property shall be sold in the manner prescribed by
> applicable law. . . "** (emphasis added)

6

28. On July 24, 2015, MERS purportedly assigned the subject mortgage to Nationstar. Said purported "Assignment of Mortgage" was recorded in the Town of Cumberland Land Evidence Records in Book 1686 Page 4 on August 3, 2015.

29. Nationstar became the servicer of the Santos Mortgage on or about 2013..

30. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

31. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

32. On or about December 20, 2015, Nationstar caused to be sent to the Santos Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of February 12, 2016. Nationstar also caused to published said notice on January 21, 2016, January 28, 2016 and February 4, 2016.

33.     The Santos Plaintiffs allege that from July 1, 2015 through August 29, 2017, including on December 20, 2015 through May 25, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

34.     The Santos Plaintiffs allege, that on February 12, 2016, Nationstar, acting as third-party loan servicer foreclosed the Santos Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendant failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

35.     The Santos Plaintiffs allege, that on March 7, 2016, Nationstar executed a Foreclosure Deed granting the property to Nationstar. The Foreclosure Deed was recorded on May 25, 2016 in the Town of Cumberland Land Evidence Records in Book 1710 at Page 862. Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendant failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

36.     The Santos Plaintiffs allege, that the foreclosure and sale are in breach of Paragraph 18 of the Santos Mortgage, which requires that, "...[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"..." (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Santos Mortgage can only be sold in a manner prescribed by and subject to

8

""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar failed in its' obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Santos Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

37.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 18 of the Santos Mortgage contract due to Defendant failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendant failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

38.     In addition, the Santos Plaintiffs herein allege that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever had a face-to-face interview with them before three full monthly installments due on the mortgage were unpaid, and that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a meeting.

39.     The Santos Plaintiffs allege that the acceleration, foreclosure, and sale are in breach of the Santos Mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid

40.     The Santos Plaintiffs herein allege that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever had a face-to-face interview with her before three full monthly installments due on the mortgage were unpaid, and that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a meeting.

41.     The Santos Plaintiffs further allege that the subject property is within 200 miles of a branch office of the mortgagee; and that the Santos Plaintiffs occupied the mortgaged property as their primary residence at the time of their default; and they never clearly indicated to any Lender, servicer, mortgagee, note holder, or agent of any of the foregoing that they would not cooperate with such an interview; and they did not enter into a repayment plan, where payments thereunder were current, consistent with their circumstances to bring their account current, thus making a meeting unnecessary.

42.     Defendant's acceleration of the debt, foreclosure, and purported mortgagee's sale is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

43.     The Santos Plaintiffs herein seek a declaratory judgment that the acceleration, foreclosure and sale are void and without force and effect and prays this Honorable Court find that Nationstar is in breach of contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

44.     The Santos Plaintiffs are entitled to Orders enjoining the Defendant Nationstar from foreclosure, sale, and/or conveyance of the subject property pending a determination by this Court verifying the validity of the Santos Plaintiffs claims, rescinding any foreclosure and sale and returning the Santos Plaintiffs to their status prior to any wrongful foreclosure and sale, and that

ed in Providence/Bristol County Superior Court
bmitted: 2/2/2022 8:18 AM
velope: 3470454
viewer: Victoria H
Case 1:22-cv-00105-MSM-PAS    Document 1-1    Filed 03/11/22    Page 15 of 43 PageID #: 23

Nationstar pay actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief in amounts to be determined at trial.

45.     The Santos Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

46.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Santos Plaintiffs for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

### ALLEGATIONS OF THE KRAUS REPRESENTATIVE PLAINTIFF

47.     The Kraus Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

48.     Representative Plaintiff, Judith Ann Kraus, claims to be the rightful owner of 522 West Shore Road, Warwick, RI 02889 which is the "subject property" referenced herein.

49.     On September 18, 2009, the Kraus Plaintiff was conveyed the subject property. The Deed granting the property to the Kraus Plaintiff was recorded in the City of Warwick Land Evidence Records in Book 7142, at page 1 on September 21, 2009.

50.     On September 18, 2009, the Kraus Plaintiff executed a promissory note and mortgage deed in favor of Sovereign Bank as lender and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee. ("Kraus Mortgage/Note"). The Kraus Mortgage was recorded in the City of Warwick Land Evidence Records in Book 7142, at page 3 on September 21, 2009.

51.     The Kraus Mortgage was designated as an "FHA" mortgage and was noted as such on the mortgage itself on page one (1) with the "FHA case number" 451-1058507.

52.    Mortgages insured by the Federal Housing Authority (FHA) and their corresponding underlying obligations (notes) are originated and or serviced by entities, such as Defendant, Nationstar, and are pooled and transferred into mortgage-backed trusts. Trusts backed by FHA insured mortgage loans are administered by Government National Mortgage Association (Ginnie Mae) or other government entities and unidentified assigns which are the actual holders and owners of the loans.  Therefore, Nationstar was acting as a third-party loan servicer for the Kraus loan at all times during the allegations set forth in this Complaint

53.    The Plaintiff Kraus' FHA standard mortgage contract at Paragraph 9(d) states that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary

54.    At issue in this action is a Regulation codified in 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. 24 CFR 203.604(c) further states that a face-to-face meeting is not required if: **(1)** the mortgagor does not reside in the mortgaged property, **(2)** the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, **(3)** the mortgagor has clearly indicated that he will not cooperate in the interview, **(4)** a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or **(5)** a reasonable effort to arrange a meeting is unsuccessful.

12

55.    24 CFR 203.604(d) additionally states that a reasonable effort to arrange a face-to-face

meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified

by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face

meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless

the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office

of either, or it is known that the mortgagor is not residing in the mortgaged property

56.    The Kraus Mortgage also states at Paragraph 18 as follows;

"18. Foreclosure Procedure. If Lender requires immediate payment in full under
paragraph 9, Lender may invoke the STATUTORY POWER OF SALE and any
other remedies **permitted by applicable law.** Lender shall be entitled to collect all
expenses incurred in pursuing the remedies provided in this paragraph 18,
including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
of a notice of sale to Borrower as provided in paragraph 13. Lender shall publish a
notice of sale, and **the Property shall be sold in the manner prescribed by
applicable law. . .** " (emphasis added)

57.    On September 8, 2014, the Kraus Mortgage was assigned to Nationstar.  Said purported

"Assignment of Mortgage" was recorded in the City of Warwick Land Evidence Records in Book

8241 Page 205 on September 17, 2014.

58.    At the time of the allegations in this complaint Nationstar was the third party loan servicer

of the Kraus loan

59.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
borrower without first obtaining a license under this chapter from the director or
the director's designee.

60.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

61.     On or about September 22, 2015, Nationstar caused to be sent to the Kraus Plaintiff a

Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale

date of November 13, 2015. Nationstar also caused to published said notice on October 22, 2015,

October 29, 2015 and November 5, 2015.

62.     The Kraus Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on

September 22, 2015 through January 22, 2016, Nationstar was not a licensed third-party servicer

in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

63.     The Kraus Plaintiff alleges, that on November 13, 2015, Nationstar, acting as third-party

loan servicer foreclosed the Kraus Mortgage and sold the subject property at mortgagee's

foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the

R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and

effect, for Defendant failure to comply with conditions precedent prior to exercising the Statutory

Power of Sale.

64.     The Kraus Plaintiff alleges, that on December 3, 2015, Nationstar executed a Foreclosure

Deed granting the property to Nationstar.  The Foreclosure Deed was recorded on January 22,

2016 in the City of Warwick Land Evidence Records in Book 8515 at Page 128. Such action is

were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General

pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory

Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for

Defendants failure to comply with conditions precedent prior to exercising the Statutory Power of

Sale.

65.     The Kraus Plaintiff alleges, that the foreclosure and sale are in breach of Paragraph 18 of

the Kraus Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER

OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As

such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or

their officers, directors, agents, and employees, are subject to ""applicable law"" and the property

secured by the Kraus Mortgage can only be sold in a manner prescribed by and subject to

""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's

foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I.

Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar failed in its' obligation to the

Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed by

""applicable law"", thus breaching the Kraus Mortgage and for failing to first comply with the

terms of the mortgage prior to exercising the power of sale.

66.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph

18 of the Kraus Mortgage contract due to Defendant failure to foreclose and sell in the manner

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,

invalid, and without force or effect, for Defendant failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency,

et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re

Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

67.    In addition, the Kraus Plaintiff herein alleges that no Lender, servicer, mortgagee, note

holder, or agent of any of the foregoing ever had a face-to-face interview with them before three

full monthly installments due on the mortgage were unpaid, and that no Lender, servicer,

mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a

meeting.

68.    The Kraus Plaintiff alleges that the acceleration, foreclosure, and sale are in breach of the

Kraus Mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that

a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort

to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid

69.    The Kraus Plaintiff herein alleges that no Lender, servicer, mortgagee, note holder, or agent

of any of the foregoing ever had a face-to-face interview with her before three full monthly

installments due on the mortgage were unpaid, and that no Lender, servicer, mortgagee, note

holder, or agent of any of the foregoing ever made an effort to arrange such a meeting.

70.    The Kraus Plaintiff further alleges that the subject property is within 200 miles of a branch

office of the mortgagee; and that the Kraus Plaintiffs occupied the mortgaged property as their

primary residence at the time of their default; and they never clearly indicated to any Lender,

servicer, mortgagee, note holder, or agent of any of the foregoing that they would not cooperate

with such an interview; and they did not enter into a repayment plan, where payments thereunder

were current, consistent with their circumstances to bring their account current, thus making a

meeting unnecessary.

71.      Defendant's acceleration of the debt, foreclosure, and purported mortgagee's sale is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

72.      The Kraus Plaintiff herein seeks a declaratory judgment that the acceleration, foreclosure and sale are void and without force and effect and prays this Honorable Court find that Nationstar is in breach of contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

73.      The Kraus Plaintiff is entitled to Orders enjoining the Defendant Nationstar from foreclosure, sale, and/or conveyance of the subject property pending a determination by this Court verifying the validity of the Kraus Plaintiff's claims, rescinding any foreclosure and sale and returning the Kraus Plaintiffs to their status prior to any wrongful foreclosure and sale, and that Nationstar pay actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief in amounts to be determined at trial.

74.      The Kraus Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

75.      The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Kraus Plaintiff for the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE BELANGER REPRESENTATIVE PLAINTIFF

76.    The Belanger Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

77.    Representative Plaintiff, Denise L. Belanger, claims to be the rightful owner of 78 Wood Street, Warwick, RI 02889 which is the "subject property" referenced herein.

78.    On July 22, 2009, the Belanger Plaintiff was conveyed the subject property. The Deed granting the property to the Belanger Plaintiff was recorded in the City of Warwick Land Evidence Records in Book 7107, at page 25 on July 23, 2009.

79.    On July 22, 2009, the Belenger Plaintiff executed a promissory note and mortgage deed in favor of Mortgage Master, Inc. as lender and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee. ("Belenger Mortgage/Note"). The Belenger Mortgage was recorded in the City of Warwick Land Evidence Records in Book 7107, at page 26 on July 23, 2009.

80.    The Belanger Mortgage was designated as an "FHA" mortgage and was noted as such on the mortgage itself on page one (1) with the "FHA case number" 451-1051879-703.

81.    Mortgages insured by the Federal Housing Authority (FHA) and their corresponding underlying obligations (notes) are originated and or serviced by entities, such as Defendant, Nationstar, and are pooled and transferred into mortgage-backed trusts. Trusts backed by FHA insured mortgage loans are administrated by Government National Mortgage Association (Ginnie Mae) or other government entities and unidentified assigns which are the actual holders and owners of the loans. Therefore, Nationstar was acting as a third-party loan servicer for the Kraus loan at all times during the allegations set forth in this Complaint

82.    The Plaintiff Belanger's FHA standard mortgage contract at Paragraph 9(d) states that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's

18

rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary

83.    At issue in this action is a Regulation codified in 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. 24 CFR 203.604(c) further states that a face-to-face meeting is not required if: **(1)** the mortgagor does not reside in the mortgaged property, **(2)** the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, **(3)** the mortgagor has clearly indicated that he will not cooperate in the interview, **(4)** a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or **(5)** a reasonable effort to arrange a meeting is unsuccessful.

84.    24 CFR 203.604(d) additionally states that a reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property

85.    The Belanger Mortgage also states at Paragraph 18 as follows;

> "18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the STATUTORY POWER OF SALE and any other remedies **permitted by applicable law.** Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in paragraph 13. Lender shall publish a
> notice of sale, and **the Property shall be sold in the manner prescribed by
> applicable law. . . "** (emphasis added)

86.    On September 5, 2013, the Belanger Mortgage was assigned to Nationstar. Said purported

"Assignment of Mortgage" was recorded in the City of Warwick Land Evidence Records in Book

2268 Page 178 on September 17, 2013.

87.    At the time of the allegations in this complaint Nationstar was the third-party loan servicer

of the Belanger loan

88.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

89.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

90.    On or about March 12, 2017, 2017, Nationstar caused to be sent to the Belanger Plaintiff a

Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale

date of May 3, 2017. Nationstar also caused to published said notice on April 12, 2017, April 19, 2017 and April 26, 2017.

91.     The Belanger Plaintiff alleges that from July 1, 2015 through August 29, 2017, including on March 12, 2017 through July 12, 2017, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

92.     The Belanger Plaintiff alleges, that on May 3, 2017, Nationstar, acting as third-party loan servicer foreclosed the Belanger Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendant's failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

93.     The Belanger Plaintiff alleges, that on May 15, 2017, Nationstar executed a Foreclosure Deed granting the property to Nationstar. The Foreclosure Deed was recorded on July 12, 2017 in the City of Warwick Land Evidence Records in Book 8856 at Page 199. Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

94.     The Belanger Plaintiff alleges, that the foreclosure and sale are in breach of Paragraph 18 of the Belanger Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

and the property secured by the Belanger Mortgage can only be sold in a manner prescribed by

and subject to ""applicable law"".  As all actions of Nationstar in foreclosing and conducting

mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution

by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar failed in its' obligation

to the Plaintiffs to ensure that those actions were conducted in a manner subject to  and prescribed

by ""applicable law"", thus breaching the Belanger Mortgage and for failing to first comply with

the terms of the mortgage prior to exercising the power of sale.

95.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph

18 of the Belanger Mortgage contract due to Defendant failure to foreclose and sell in the manner

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,

invalid, and without force or effect, for Defendant failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency,</u>

<u>et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re</u>

<u>Demers, 511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

96.    In addition, the Belanger Plaintiff herein alleges that no Lender, servicer, mortgagee, note

holder, or agent of any of the foregoing ever had a face-to-face interview with them <u>before three</u>

<u>full monthly installments due on the mortgage were unpaid</u>, and that no Lender, servicer,

mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a

meeting.

97.    The Belanger Plaintiff alleges that the acceleration, foreclosure, and sale are in breach of

the Belanger Mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states

that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable

effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid

98.     The Belanger Plaintiff herein alleges that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever had a face-to-face interview with her before three full monthly installments due on the mortgage were unpaid, and that no Lender, servicer, mortgagee, note holder, or agent of any of the foregoing ever made an effort to arrange such a meeting.

99.     The Belanger Plaintiff further alleges that the subject property is within 200 miles of a branch office of the mortgagee; and that the Belanger Plaintiffs occupied the mortgaged property as their primary residence at the time of their default; and they never clearly indicated to any Lender, servicer, mortgagee, note holder, or agent of any of the foregoing that they would not cooperate with such an interview; and they did not enter into a repayment plan, where payments thereunder were current, consistent with their circumstances to bring their account current, thus making a meeting unnecessary.

100.    Defendant's acceleration of the debt, foreclosure, and purported mortgagee's sale is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

101.    The Belanger Plaintiff herein seeks a declaratory judgment that the acceleration, foreclosure and sale are void and without force and effect and prays this Honorable Court find that Nationstar is in breach of contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

102.    The Belanger Plaintiff is entitled to Orders enjoining the Defendant Nationstar from foreclosure, sale, and/or conveyance of the subject property pending a determination by this Court verifying the validity of the Belanger Plaintiff's claims, rescinding any foreclosure and sale and

returning the Belanger Plaintiffs to their status prior to any wrongful foreclosure and sale, and that

Nationstar pay actual, monetary, punitive and exemplary damages, restitution, an accounting,

attorneys' fees and costs, equitable relief in amounts to be determined at trial.

103.    The Belanger Plaintiff and members of the class are entitled to damages for the untimely

loss of their property that was caused by the Defendant's failure to comply with applicable law.

See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES,

20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

104.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the

Belanger Plaintiff for the use and occupancy value of the property, moving costs, rents, costs and

expenses to live elsewhere.

## **CLASS ALLEGATIONS**

105.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth

herein in full.

106.    Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

107.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former

homeowners wherein Defendants breached the terms of the Representative Plaintiffs and Class

Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law""

when conducting foreclosures and mortgagee's sales between July 1, 2015 through September 29,

2017, in violation of R.I.G.L. § 19-14.11-1 and in violation of the Emergency Order issued by the

Rhode Island Department of Business Regulation Division of Banking, ordering that Nationstar

immediately cease and desist all unlicensed activity as a third-party loan servicer.

108.    The Representative Plaintiffs sue on behalf of herself and all homeowners or former

homeowners since February 2010 wherein Defendant failed to have a face-to-face interview with

the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly

installments due on the mortgage were unpaid; whose properties were within 200 miles of a branch

office of the Defendant; who occupied the mortgaged property as their primary residence; who

never clearly indicated to the Defendant that they would not cooperate with such an interview; and

who did not enter into a repayment plan, where payments thereunder were current, consistent with

the their circumstances to bring the their account current thus making a meeting  unnecessary, in

breach of the mortgage contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

109.    The gravity of harm to the Representative Plaintiffs and members of the class resulting

from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives

of said Defendants for engaging in such unfair acts and practices.

110.    Defendant's conduct was unfair, oppressive, and contrary to public policy and the generally

recognized standards applicable to the consumer lending business.

111.    The Representative Plaintiffs and members of the class suffered quantifiable damages such

as illegal servicing fees, loss of equity in their homes, money spent on funding bankruptcy, legal

defense of foreclosure and eviction, and moving and relocation expenses.

112.    The Representative Plaintiffs and members of the class have suffered general damages such

as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities

to rectify their situations through loss mitigation and mediation of their mortgage delinquencies,

and extreme mental and emotional distress.

113.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive,

and monetary damages.

114.    The Representative Plaintiffs claim on behalf of themselves and all others so similarly

situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1

and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

115.    Representative Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendant's, breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b), are the direct cause of the harms alleged herein.

116.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any foreclosure notices sent or published during the time in which Nationstar was not licensed as a third-party servicer are null and void for failure to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

117.    Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

118.    The Representative Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records. Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

119.    The Representative Plaintiffs and all members of the class have been subject to and affected by the same conduct.

120.    The questions of law and fact are common to the class and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

121.    The claims of the Representative Plaintiffs are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Representative Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

122.    The Representative Plaintiffs will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Representative Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

123.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

124.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

125.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

126.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

127.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

128.    It is desirable to concentrate the litigation of the claims in this particular forum.

129.    There are little to no difficulties likely to be encountered in the management of a classification.

## COUNT I
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE (SERVICING LICENSE ALLEGATIONS)

130.    The Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

131.    In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

132.    In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

133.    The Plaintiffs' Mortgages provide that any notice, foreclosure, and sale be conducted in a manner subject to and as prescribed by ""applicable law"" at Paragraph 18.

134.    In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

135.    In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of Paragraph 18 of the mortgages are obligations of the mortgagees. Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

136.    As noted above, the Plaintiffs' Mortgages state at Paragraph 18 as follows;

> "18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the STATUTORY POWER OF SALE and any other remedies **permitted by applicable law.** Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in paragraph 13. Lender shall publish a notice of sale, and **the Property shall be sold in the manner prescribed by applicable law.** . . " (emphasis added)

28

137.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states;

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

138.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states;

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

139.    The Plaintiffs allege that at the time of the Foreclosure Notice on June 14, 2016, the time of the foreclosure publications on July 19, 2016, July 31, 2016 and August 2, 2016, , the time of the auction on August 9, 2016, at the time of the execution of the foreclosure deed on October 11, 2016 and the time of the recording of the foreclosure deed on October 13, 2016, Nationstar was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

140.    Plaintiffs aver that all acts described above were in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and are void, invalid, and without force and effect, for Defendant failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

29

141.    The Plaintiffs allege, that the foreclosure and sale are in breach of Paragraph 18 of the Santos Mortgage, which requires that, "…subject to "applicable law", [Lender] may then thereafter invoke the **STATUTORY POWER OF SALE** and/or any other remedies or take any other actions permitted by "applicable law"…" (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the properties secured by the Plaintiffs' Mortgages can only be sold in a manner prescribed by and subject to ""applicable law"". As all actions of Nationstar in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and are subject to criminal penalties by the Attorney General pursuant to R.I.G.L. § 19-14-26, Nationstar failed its' obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Plaintiffs' Mortgages and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

142.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 18 of the Representative Plaintiffs' Mortgage contracts due to Defendant failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosures and sales are void, invalid, and without force or effect, for Defendant failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

143.    The mortgage contracts entered into by the Plaintiffs constitute valid offers.

144.    Upon the Plaintiffs executing those mortgage contracts and giving them to their Lenders, their Lenders accepted those offers.

145.    Alternatively, the Plaintiffs and execution of those mortgage contracts thereby giving security interests in their property to their Lenders constitute offers.  Acceptance of those offers occurred when Defendant accepted payments made by the Representative Plaintiffs pursuant to their mortgage contracts.

146.    The mortgage contracts were supported by consideration.  The Plaintiffs' payments to Defendant constitutes consideration.

147.    The Plaintiffs, and Defendant thereby formed a valid contract and the Plaintiffs and was, is, and remains ready willing and able to perform under the contract.

148.    Defendant breached the mortgage contract made with the Plaintiffs by refusing to honor the terms of the mortgage contract by failing to abide by "applicable law" when foreclosing and conducting a mortgagee's foreclosure sale.

149.    There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

150.    No Foreclosure Notice was sent to the Plaintiffs which specifically complied with the condition precedent obligations to foreclosure of the Lender as set forth in said mortgage contract.

151.    Due to these failures to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and notice, publish, foreclose and sell at mortgagee's sale the property of the Plaintiffs. These actions constitute breach of contracts, and failure to abide by conditions precedent as stated in the mortgages of the Plaintiffs, resulting in damages to the Plaintiffs.

152.    As a result of the Defendant's improper and invalid notices, publications, and exercise of the statutory power of sale and purported foreclosure sale, the Plaintiffs' mortgage loan account

31

was charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in his monthly mortgage statements.

153.    The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendant in noticing,and seeking to conduct and/or conducting foreclosure and sale without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgage of the Plaintiffs.

154.    The Plaintiffs have also incurred mental and emotional injuries and damages due to the improper foreclose and sale of his property by Defendant without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

155.    The Plaintiffs have suffered harm and is threatened with additional harm from Defendant breaches, including but not limited to higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

156.    The Defendant breach of contract and failure to comply with the condition precedent as noted herein above, is the direct cause of the harms alleged herein and not the Plaintiffs' failure to make their mortgage payments.

157.    Therefore, the Plaintiffs would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendant breach of the mortgage contract and failure to comply with "applicable law" as a conditions precedent as required by the mortgage of the Plaintiffs as noted herein.

158.    The Santos Plaintiffs and member of the class are entitled to damages for the untimely loss

of their property that was caused by the Defendant's failure to comply with applicable law.  See.

Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-

037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

159.    The Plaintiffs are entitled to a declaratory judgment determining that the notices,

publications, foreclosure, and mortgagee's foreclosure sales of their properties are void due to the

Defendant's failure to comply with the condition precedent obligations to notice, foreclose, and

sell in a manner prescribed by "applicable law", pursuant to the mortgage contract.

160.    The Plaintiffs are entitled to cancellation of costs and fees assessed to him for wrongful

foreclosure, together with additional damages.

161.    The Plaintiffs are entitled to be returned to his status and circumstances prior to the

foreclosure, and sale of his property.

162.    The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution,

an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state

law.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE (FACE-TO-FACE MEETING ALLEGATIONS)

163.    Plaintiffs repeat and reincorporate by reference all paragraphs above as if fully articulated

herein.

164.    Rhode Island permits non-judicial foreclosure under the statutory power of sale contained

so long as the terms of the mortgage and the statutes related to the power of sale are strictly

complied with.

165.    Foreclosure by power of sale requires that a foreclosing bank must comply with the terms

of the mortgage.

166.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then

a foreclosure is void.

167.    The mortgages given by Plaintiffs secured by the subject property states at Paragraph 9(d)

as follows:

> 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by
> the Secretary will limit Lender's rights, in the case of payment defaults, to require
> immediate payment in full, and foreclose if not paid. This Security Instrument does
> not authorize acceleration or foreclosure if not permitted by regulations of the
> Secretary.

It is a regulation of the Secretary codified in 24 CFR 203.604(b) that:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make
> a reasonable effort to arrange such a meeting, before three full monthly installments
> due on the mortgage are unpaid...  (See: 24 CFR .604(b)).

The "mortgagee" as defined by 24 CFR § 202.2 failed to have a face-to-face meeting with Plaintiffs

before three full monthly installments due on the mortgage were unpaid. Further, said mortgagee

failed to make reasonable efforts to arrange such a meeting with Plaintiffs.

168.    Plaintiffs mortgages incorporated the HUD regulations, which required a face-to-face

meeting.

169.    The mortgagee failed to have any face-to-face meetings with Plaintiffs.

170.    As such, there was no compliance with the terms of the mortgage which would have

allowed the Defendants to exercise the statutory power of sale as indicated above.

171.    Plaintiffs were not provided the opportunity to have a face-to-face meeting pursuant to 24

CFR 203.604.

172.   No face-to-face meeting was scheduled for Plaintiffs by the mortgagee, Nationstar or any loan servicer or any owner of the Plaintiffs' Mortgages or Notes.

173.   No default letter was sent to Plaintiffs after a face-to-face meeting had occurred or which had been scheduled and had been rejected by Plaintiffs.

174.   Nationstar never sent Plaintiffs a default notice or acceleration notice after they had been provided a face-to-face meeting. As a result, no acceleration letter could be sent to Plaintiffs, nor could the mortgagee exercise the statutory power of sale.

175.   Pursuant to the terms of the Plaintiffs' Mortgages, a face-to-face meeting with the mortgagee or the loan servicer pursuant to the provisions of paragraph 9(d) of those mortgages was a condition precedent to acceleration and the exercise of the statutory power of sale.

176.   Plaintiffs thus never received an acceleration notice pursuant to the terms of the mortgage.

177.   Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiffs' Mortgages and sell the subject properties at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiffs.

178.   As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiffs' mortgage loan account was charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

179.   The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Nationstar in sending a Notice of Foreclosure Sale and seeking to conduct a sale without first complying with the terms of the mortgage.

180.    Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosure and sale of their home without Nationstar first complying with the terms of the Santos Mortgage.

181.    The Plaintiffs have incurred legal fees for the prosecution of this action as a result of Nationstar's the breach of contract by Nationstar as noted herein.

182.    Plaintiffs have suffered harm and are threatened with additional harm from Nationstar's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

183.    Nationstar's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiffs' failure to make their mortgage payments.

184.    Plaintiffs were denied the opportunity to have a face-to-face meeting which would have enabled them to explore loss mitigation opportunities and strategies to deal with their default resulting in a resolution of default as HUD regulations codified at 24 CFR 203.604 were intended to accomplish.

185.    Therefore, Plaintiffs would not have suffered foreclosure, or the harms as noted herein were it not for the Nationstar's breach of the mortgage contract as noted herein.

186.    Nationstar's failure to comply with the terms of the mortgage is in violation of the Statutory Power of Sale. Any foreclosure is therefore void.

187.    The Plaintiffs are entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and the mortgagee's foreclosure sale of the subject property are all void.

188.    The Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

189.    The Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

190.    Plaintiffs are entitled to a Court Order requiring that Defendants take all necessary steps to return Plaintiffs to their status and circumstances prior to any wrongful acceleration, attempted foreclosure and sale, including but not limited to rescinding the foreclosure and sale.

191.    Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: February 2, 2022

<div style="margin-left:40%">

Respectfully Submitted,
The Plaintiffs,
By their Attorney,

/s/ *Todd S. Dion*
Todd S. Dion Esq. (#6852)
681 Park Avenue, Suite 21
Cranston, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

</div>



CERTIFIED MAIL

Todd S. Dion
15 Cotta
Quincy

7021 2720 0003 3654 0235

U.S. POSTAGE PAID
FCM LG ENV
BRAINTREE, MA
02184
FEB 04, 22
AMOUNT
**$9.16**
R2304N116744-5

1000    75019

Nationstar Mortgage LLC
dba Mr Cooper
8950 Cypress Waters Blvd
Coppell, TX
75019

Santos

